**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-41144

STATE FARM FIRE AND CASUALTY COMPANY,

Plaintiff-Counter Defendant-Appellee,

VERSUS

CLIFFORD WOODS,

Defendant-Counter Claimant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas, Beaumont Division
(1:95-CV-260)

September 19, 1997

Before DeMOSS, DENNIS, Circuit Judges, and ROSENTHAL, District

Judges.[*]

PER CURIAM:[**]

Appellee State Farm Fire and Casualty Company ("State Farm")

issued a binder providing fire insurance for appellant Woods's home

on November 30, 1994.  On December 29, 1994, Woods's home and

_____

[*]District Judge of the Southern District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nearby office building were totally destroyed by a fire determined to be of incendiary origin. Woods filed a claim with State Farm. After investigation, State Farm concluded Woods had caused this destruction to occur. State Farm filed suit in federal district court pursuant to 28 U.S.C. § 2201 seeking a declaratory judgment that State Farm had no liability for Woods insurance claim. Woods filed a counterclaim seeking to recover policy benefits and attorneys' fees. Woods also alleged State Farm had breached its duty of good faith and fair dealing.

Before trial, Woods filed a motion seeking to have the parties realigned. The district court denied this motion. The case was tried before a jury which returned a verdict in favor of State Farm finding Woods had burned or caused to be burned the insured property. After judgment was entered, Woods filed a motion for a new trial alleging the jury was improperly exposed to exhibits containing prejudicial evidence. The evidence in question consisted of approximately six pages of Woods's examination under oath. These pages contained testimony referring to a polygraph test taken by Woods and a prior fire insurance claim filed by the Woods's son. The district court had ordered in response to Woods's motion in limine that no reference was to be made to these subject matters.

On appeal, Woods argues the district court erred in denying his motion to realign the parties and in refusing to grant a new trial because of the jury's exposure to evidence previously ordered

excluded.

Proper alignment of parties lies within the discretion of the court. Lloyd v. Pendleton Land & Exploration, Inc., 22 F.3d 623, 625 (5th Cir. 1994), Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996), cert. denied *sub nom* John Labatt Ltd. v. Anheuser-Busch, Inc., 117 S.Ct. 944 (1997). We find no abuse occurred.

A denial of a new trial is also reviewed for an abuse of discretion. Bailey v. Daniel, 967 F.2d 178, 179-80 (5th Cir. 1992). The standard is somewhat narrower when a new trial is denied than when one is granted. Id. For the following reasons, we conclude no abuse of discretion occurred. First, Woods did not object at trial when the unexpunged examination under oath was introduced into evidence. Furthermore, it appears State Farm's failure to remove the testimony in question from the examination under oath was not intentional or in bad faith. Finally, any error resulting from the jury's exposure to this evidence appears harmless as the overwhelming weight of the evidence supports the jury's verdict. United States v. Olano, 507 U.S. 725, 734 (1993), Longoria v. Wilson, 730 F.2d 300, 305 (5th Cir. 1984).

For these reasons, the judgment of the district court is AFFIRMED.